FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 28, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

GARRETT J RICE,

Defendant.

No. 1:26-PO-08013-ACE-1

CASE MANAGEMENT ORDER AND ORDER FOLLOWING INITIAL APPEARANCE ON INFORMATION, SETTING CONDITIONS OF RELEASE, AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AS MOOT

**ECF No. 23**

On Tuesday, September 22, 2026, Defendant made an initial appearance and was arraigned on the Information. ECF No. 27. Defendant was represented by Assistant Federal Defender Juliana Van Wingerden. Law Clerk Camron Rothie, supervised by Assistant United States Attorney Courtney Pratten, represented the United States.

Defendant was advised of and acknowledged Defendant's rights. The Court entered a plea of not guilty on Defendant's behalf.

The Court affirmed the prior appointment of the Office of the Federal Defenders to represent Defendant.

The United States did not seek detention. Defendant will remain released on the previously imposed standard petty offense conditions. *See* ECF No. 11.

Since the United States has now filed an Information (ECF No. 27), much of the original briefing on Defendant's Motion to Dismiss (ECF No. 23) is now obviated. Defendant's motion has raised valid concerns; thus the Court is inclined to convert it to a motion to suppress and set it for further briefing and a hearing.

The Court enters the following Case Management Order, which sets forth the hearings and requirements the parties are to observe in this matter. To the extent this Order conflicts with any previously-entered Orders in this matter, this Order shall govern. Counsel for each party is expected to carefully read and abide by this Order. The Court will grant relief from the requirements in this Order only upon motion and with good cause shown.

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion to Dismiss (**ECF No. 23**) is **DENIED IN PART** as moot.

2. A **status hearing** is set for **October 16, 2026, at 11:00 a.m.**, in Yakima, Washington, before Magistrate Judge Alexander C. Ekstrom, to confirm discovery has been completed. Parties may appear telephonically and if they plan to do so, must contact the Courtroom Deputy to make those arrangements by **October 15, 2026**. If both parties inform the Court prior to the hearing that discovery has been completed and the hearing is no longer necessary, the Court will strike the hearing.

3. **Defendant's motion to suppress** shall be due no later than **October 29, 2026**.

4. Any **response** by the United States to Defendant's motion to suppress shall be due no later than **November 5, 2026**.

5. Any **reply** by Defendant to the United States' response shall be due no later than **November 12, 2026**.

6. A **motion hearing** on Defendant's forthcoming motion to suppress is set for **November 19, 2026, at 1:30 p.m.**, in Richland, Washington, before Magistrate Judge Alexander C. Ekstrom. Defendant shall appear at the hearing in person.

7. If necessary, following the motion hearing on November 19, 2026, the Court will set a bench trial for late winter/early spring of 2027, and will set the accompanying trial deadlines and conferences.

8. The Court directs the parties to review the Local Criminal Rules governing discovery and other issues in this case. https://www.waed.uscourts.gov/rules-policies/local-rules.

9. Under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*, the United States has a continuing obligation to produce all information or evidence

known to the United States relating to guilt or punishment that might reasonably be considered favorable to Defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence. *See United States v. Price*, 566 F.3d 900, 913 n.14 (9th Cir. 2009). Accordingly, the Court orders the United States to produce to Defendant in a timely manner all such information or evidence.

Information or evidence may be favorable to a defendant's case if it either may help bolster the defendant's case or impeach a prosecutor's witness or other government evidence. If doubt exists, it should be resolved in favor of Defendant with full disclosure being made.

If the United States believes that a required disclosure would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, the United States may apply to the Court for a modification of the requirements of this Disclosure Order, which may include *in camera* review and/or withholding or subjecting to a protective order all or part of the information.

This Disclosure Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation. The consequences for violating either this Disclosure Order or the United States' obligations under *Brady* include, but are not limited to, the following: contempt, sanction, referral to a

disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges. Nothing in this Disclosure Order enlarges or diminishes the United States' obligation to disclose information and evidence to a defendant under *Brady*, as interpreted and applied under Supreme Court and Ninth Circuit precedent. As the Supreme Court noted, "the government violates the Constitution's Due Process Clause 'if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment.'" *Turner v. United States*, 137 S. Ct. 1885, 1888 (2017) (quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012)).

10. Defendant shall submit a revised CJA-23 Financial Affidavit if Defendant receives cash or any other asset with a value of $15,000 or greater (including, but not limited to, an inheritance, a court settlement, lotto or gambling winnings, a dividend, an award, and/or a royalty or interest in property) while Defendant is represented by a Court appointed attorney during the pendency of this case. Defendant shall submit a revised CJA-23 Financial Affidavit within five (5) business days of physical receipt or knowledge of the existence of any such asset.

\\

\\

\\

\\

11. Defendant asserted he continues to understand the following conditions, can abide by them, and will abide by them. Defendant shall continue to abide by the following conditions at all times:

**STANDARD CONDITIONS OF RELEASE**

1. Defendant shall not commit any offense in violation of federal, tribal, state, or local law.

2. Defendant shall remain in contact with his attorney and shall advise his attorney and the Court in writing before any change in address and/or phone number.

3. Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.

4. Defendant does not need supervision by the U.S. Probation Office.

**IT IS SO ORDERED.**

DATED September 28, 2026.

ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE